E-FILED
Thursday, 08 February, 2018 03:17:44 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY SANFORD, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 17-1003 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## ORDER AND OPINION

Now before the Court is Petitioner Sanford's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 1. For the reasons set forth below, Petitioner's Motion (Doc. 1) is DENIED and the Court declines to issue a Certificate of Appealability.

### BACKGROUND[1]

On March 26, 2014, a grand jury in the Central District of Illinois charged Gregory Sanford in a fourth superseding indictment with seven counts: conspiracy to distribute and possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One); possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts Two, Six); possession of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) (Counts Five, Seven); possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (Count Three); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Four). R. 102.

---

[1] Citations to documents filed in this case are styled as "Doc. __." Citations to the record in the underlying criminal case, *United States v. Sanford*, No. 12-10069 (C.D. Ill.), are styled as "R.__."

1

Prior to trial, the Government filed a notice (later amended) under 21 U.S.C. § 851 informing Sanford that it intended to use three of his prior felony drug convictions to enhance his sentence. R. 26, 111. Sanford proceeded to trial pro se. On the day of trial, the Court made the following remarks to Sanford:

> Before we begin jury selection for—okay. Mr. Sanford, before we begin the jury selection, I want to go over a few things with you. You're facing a number of counts in the fourth superseding indictment. <u>We will start with Count 1</u>; that alleges the conspiracy—that alleges more than 5000 grams of a mixture and substance containing a detectable amount of cocaine and more than 280 grams of a mixture and substance containing a detectable amount of cocaine base. You are charged under Title 21, United States Code Section 841(b)(1)(A). I know that these have been gone over with you before. I just want to make sure you are aware of—I want to go over it again to assure myself that you completely understand what the risks are here. I'm not interfering at all. I'm not—I don't want my remarks to be interpreted in any way telling you what to do. But I do want to make sure that you understand what it is you are doing.
>
> If you had a lawyer, I would leave this alone unless asked to do so. But I understand from you being in court last week that you and the government have been in some discussion about resolving the matter. I don't know the details of that discussion. If you wish for me to know, then that's fine. That will be up to you. But in the meantime, I just want you to know that <u>if you are convicted of Count 1, and if you have a prior conviction, drug conviction, then the sentence would have to be a minimum of 20 years in prison. And if you are convicted of Count 1, and you have two or more prior drug convictions, then the sentence would have to be a mandatory term of life in prison.</u> I would have no discretion under those scenarios to impose a sentence other than that.
>
> So, I don't know—I know what you have said when you have been in pretrials. I know that you've mentioned numbers that you want. I know what the co-defendant got because I sentenced Mr. Jackson. I just—if you and the government have had negotiations and you can still come to some resolution, I will still accept it. If you can't, then we will go forward. I just want you to be aware of the risk that you're taking. And again, I don't want this to be interpreted in any way for me to tell you what to do. If you are not guilty of these charges, you should just go right on through with your trial, if that's what you want to do. But if you believe there is a chance that you could be found guilty, then I will give you—and [if] you want to have a moment with your family or with Mr. Chambers and Mr. Murphy if they are willing, we will do that, because once we start jury selection, generally the case will go to trial and they will decide. And once they decide, I may have no discretion but to impose a sentence that is really, really significant.

> And you are not—I mean you're still a young person. So I just want you to make an informed choice here.

Change of Plea Transcript, R. 147, at 2–4 (emphasis added). Sanford took the opportunity and met with the Assistant U.S. Attorney. When the proceedings resumed, the Government stated the following:

> Your Honor, we have had a chance to talk, government counsel and the defendant, and I think we have reached an agreement—I'll let Mr. Sanford confirm this. <u>He will plead to the original charge in this case, that's now Count 5</u>, that's the car stop on February 28th with the kilo and a half of powder cocaine. He will plead guilty to that charge in return for two things. One—that's a [21 U.S.C. § 841] (b)(1)(B) charge, which means that his criminal history, prior felony drug conviction, <u>he would be facing at least ten to life</u> but the parties would agree to an agreed-to sentence of 15 years if the Court accepted it. And that he could reserve his right to appeal the Court's denial of his motion to suppress. Those are the only two terms of the plea agreement: 15 years firm, and he can reserve his right to appeal the Court's denial of his motion to suppress filed, I think, by Mr. O'Day, at least argued by Mr. O'Day.

*Id*. at 5–6 (emphasis added). The Court proceeded with the usual plea colloquy to ensure that Sanford was making an informed and voluntary decision to plead guilty, and again informed him of the potential penalties under § 841(b)(1)(B) with and without prior felony drug convictions. *Id*. at 15. Following the examination by the Court, Sanford pleaded guilty. *Id*. at 19.

The probation officer prepared a presentence report ("PSR") prior to sentencing. The PSR designated Sanford as a career offender based on his two prior felony convictions for unlawful delivery of a controlled substance in Peoria County, Illinois, Case Nos. 00-CF-971 and 00-CF-972. PSR, R. 130, at ¶ 43. Sanford's guideline range was 262 to 327 months of imprisonment, *id*. at ¶ 86, but because Sanford pleaded guilty under Federal Rule of Criminal Procedure 11(c)(1)(C), the Court sentenced him to a term of 180 months of imprisonment and 8 years of supervised release. Sanford then appealed the denial of his prior motion to suppress as he was permitted to do as part of his conditional plea agreement, see Fed. R. Crim. P. 11(a)(2), and the

conditions of his supervised release. The Seventh Circuit affirmed the denial of his motion to suppress, but remanded for resentencing regarding the terms of supervised release. *United States v. Sanford*, 806 F.3d 954 (7th Cir. 2015). On February 25, 2016, the Court resentenced Sanford to the same term of imprisonment. R. 166.

On January 5, 2017, Sanford filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 1. Therein, Sanford argues that (1) the Court should not have adopted the findings in the PSR that held him accountable for an additional 236 grams of crack cocaine; (2) the Court incorrectly advised him that he faced a mandatory minimum sentence of life imprisonment; (3) the Court incorrectly designated him to be a career offender; and (4) the Government should not have filed a notice of prior convictions under § 851 based on a memorandum from the Attorney General to U.S. Attorneys. The Government responded and objected to Sanford's motion, arguing that (1) he procedurally defaulted his claims; (2) the alleged calculation error is not correctable on collateral review; (3) his guidelines calculation is irrelevant in light of his agreed-upon sentence, and (4) his claims lack merit. Doc. 5. This Order follows.

<h2 style="text-align:center">LEGAL STANDARD</h2>

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not a substitute for a direct appeal. *Doe v. United States*, 51 F.3d

693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

## DISCUSSION

Sanford's first, third, and fourth arguments can be discarded rather quickly. Sanford's first argument is that the Court should not have adopted the findings in the PSR that held him accountable for an additional 236 grams of crack cocaine. That argument fails because he procedurally defaulted the claim when he failed to raise it at sentencing or on direct appeal, and the default may not be excused because he has not shown cause for the default or actual prejudice from the failure to appeal. *Barker v. United States*, 7 F.3d 629, 632 (7th Cir. 1993). The same holds true for Sanford's third argument, challenging his career offender designation, and fourth argument, challenging the Government's decision to file a notice under § 851. Moreover, an erroneous career offender designation is not correctable on collateral review. See *Hawkins v. United States*, 706 F.3d 820, 823–24 (7th Cir. 2013), *supp. on denial of reh'g*, 724 F.3d 915 (7th Cir. 2013). Finally, Sanford's first, third, and fourth arguments are irrelevant because he pleaded

guilty to an agreed-upon sentence; even if he were correct, none of the alleged errors would affect the validity of his plea or the length of his sentence.

Sanford's second argument—that the Court incorrectly advised him that he faced a mandatory minimum sentence of life imprisonment—fares no better. As the excerpts from the change of plea hearing show, the Court did not err in advising him of the potential statutory penalties. Rather, the Court advised Sanford that if he were found guilty of Count 1, which charged him with an offense under 21 U.S.C. § 841(b)(1)(A), and if he were to have a prior drug conviction, he would face a statutory mandatory minimum of 20 years in prison. With two or more prior drug convictions, he would face a mandatory minimum term of life imprisonment. R. 147, at 2–4. The Government's § 851 notice identified three prior convictions (R. 111) that "prohibit[] or restrict[] conduct relating to narcotic drugs …." 21 U.S.C. § 802(44). Therefore, the Court correctly advised Sanford of the potential penalties he faced if convicted of Count 1. By agreeing to plead guilty to Count 5, which charged him with an offense under § 841(b)(1)(B), Sanford avoided a mandatory life sentence. Moreover, the Court correctly advised him of the potential statutory penalties for Count 5 before Sanford pleaded guilty. R. 147, at 15. For these reasons, Sanford's § 2255 motion must be denied.

### CERTIFICATE OF APPEALABILITY

To obtain a Certificate of Appealability under § 2253(c), "a habeas prisoner must make a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). This means that the prisoner must show "that reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id*. at 484. Here, Sanford's arguments were either procedurally barred, foreclosed from review in a collateral

proceeding, or factually without merit. Because reasonable jurists could not debate these findings, the Court declines to issue a Certificate of Appealability.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion (Doc. 1) is DENIED and the Court declines to issue a Certificate of Appealability.

This matter is now terminated.

Signed on this 8th day of February, 2018.

s/ James E. Shadid  
James E. Shadid  
Chief United States District Judge